# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **Pitt Penn Holding Co., Inc. et al.,** | Case No. 09-11475 |
| Debtors. | (Jointly Administered) |
| **Industrial Enterprises of America, Inc., on behalf of itself, its estate, and as assignee of its shareholders,** | Adv. No. 11-51874 |
| Plaintiff, | Related to Adv. Docket Nos. 54, 57, & 59 |
| v. | |
| **Ilene Engelberg, Regal Partners Inc., and Sapphire Associates,** | |
| Defendants. | |

## MEMORANDUM ORDER[1]

Upon consideration of the Motion to Dismiss the Amended Complaint (the "Motion") [Adv. Docket No. 54] filed by Ilene Engelberg; the memorandum in opposition to the Motion [Adv. Docket No. 57] filed by Industrial Enterprises of America, Inc.; and the reply thereto [Adv. Docket No. 59]; and after due deliberation, the Court hereby FINDS as follows:

1. Before the Court is a motion to dismiss and supplements thereto filed by the Defendants in Adversary Proceeding No. 11-51874. The Defendants seek dismissal of the Amended Complaint filed by Plaintiff-Debtor Industrial Enterprises of America, Inc. ("IEAM") on September 14, 2012. IEAM opposes the Motion.

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409. Consideration of this matter constitutes a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

2. The record reflects that former IEAM executives John Mazzuto and James Margulies unlawfully issued restricted company stock in an elaborate "pump and dump" scheme (the "Mazzuto Scheme").[2] Mazzuto and Margulies were convicted of various crimes in connection with the scheme and are now in prison.

3. Debtor Pitt Penn Holding Co. and certain of its affiliates, including IEAM, filed for bankruptcy on April 30, 2009. The Plaintiff-Debtor commenced this adversary proceeding against Engelberg and others with the filing of a complaint on April 30, 2011. The Court granted IEAM leave to amend this adversary complaint on December 19, 2011. The Amended Complaint was filed on August 24, 2011. Engelberg submitted the Motion on April 15, 2013. A memorandum of law in support of IEAM's opposition to the Motion was filed by IEAM on January 30, 2014. Engelberg's reply was filed on March 31, 2014.

4. The Amended Complaint alleges, among other things, that Engelberg was a signatory on an IEAM Wachovia account and diverted funds to herself and Mazzuto, including through her alter egos, Regal and Sapphire. IEAM further alleges Engelberg created false financial statements which resulted in her pleading guilty to criminal charges. IEAM alleges Engelberg wrongfully received in excess of 3.2 million in cash in shares.

5. The Amended Complaint sought damages from Engelberg for fraud under New York law, civil conspiracy under New York law, unjust enrichment under New York law, conversion under New York law, aiding and abetting breach of fiduciary duty under Nevada law, professional malpractice under New York law, gross negligence under New York law, negligence under New York law, breach of fiduciary duty under New York law, avoidance of fraudulent conveyances under New York law, avoidance of fraudulent transfers under 11 U.S.C. Section 548, and to recover avoided transfers and the value thereof from Defendants and preserve such avoided transfers and the value thereof for the benefit of the estate.

---

[2] For a summary of the relevant factual background, see Memorandum Order in *IEAM v. Burtis (In re Pitt Penn Holding Co.)*, No. 09-11475-BLS, Adv. No. 11-51868, at ¶ 1-6 (Bankr. D. Del. Nov. 28, 2011).

*Defendants' Motion to Dismiss*

6.  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint which fails to state a claim upon which relief may be granted.  The chief inquiry when ruling on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the complaint is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).  The plaintiff must only assert "enough facts to state a claim to relief that is plausible on its face . . . [and] raise a reasonable expectation that discovery will reveal evidence [to support the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  All inferences must be in favor of the party asserting the claims, and the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  The burden is on the moving party to demonstrate that dismissal is appropriate based on the pleadings.  *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Anti-trust Litig.)*, 496 F.Supp.2d 404, 408 (D. Del. 2007).

7.  Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,"*Twombly*, 550 U.S. at 555 (internal quotations omitted).

8.  Rule 9 of the Federal Rules of Civil Procedure requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  The Third Circuit has explained that the purpose of Rule 9(b) is to ensure that plaintiffs plead with particularity the circumstances of the alleged fraud to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *cert. denied*, 469 U.S. 1211 (1985).  It is not a defendant's fraudulent intent that must be pleaded with particularity, but the circumstances constituting the fraud.  The Third Circuit has indicated that "allegations of 'date, place or time' fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegation of

fraud." *Id.* The Court notes that whereas intentional fraudulent transfer claims must be pleaded with particularity under Rule 9(b), constructively fraudulent transfer claims are nonetheless governed by Federal Rule of Civil Procedure 8. *See, e.g., China Resource Prods. (U.S.A.) Ltd. v. Fayda Int'l, Inc.*, 788 F.Supp. 815, 819 (D.Del.1992); *Charys Liquidating Trust v. McMahan Sec. Co. (In re Charys Holding Co.)*, 443 B.R. 628, 632 n. 2 (Bankr.D.Del.2010); *Astropower Liquidating Trust v. Xantrex Tech., Inc., (In re AstroPower Liquidating Trust)*, 335 B.R. 309, 333 (Bankr.D.Del.2005). *Contra OHC Liquidation Trust v. Nucor Corp. (In re Oakwood Homes Corp.)*, 325 B.R. 696, 698 (Bankr.D.Del.2005) ("There is no question that Rule 9(b) applies to adversary proceedings in bankruptcy which include a claim for relief under §§ 544 or 548, whether it is based upon actual or constructive fraud."); *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 188 (Bankr.D.Del.2004).

*Parties' Positions*

9. The Defendants argue that the Amended Complaint should be dismissed with prejudice because it constitutes a shotgun pleading, violates the statute of limitations, and violates the equitable doctrine of *in pari delicto*. The Motion also alleges that the conversion claim, the civil conspiracy claims, and the fraud claims are not adequately pled. Finally, the Defendants contend that the fraudulent conveyance claim has been dismissed under the March 5, 2012 Order in *Burtis* (*IEAM v. Burtis (In re Pitt Penn Holding Co.)*, No. 09-11475-BLS, Adv. No. 11-51868, Adv. Docket No. 70).

10. IEAM responds that the complaint is sufficiently detailed to withstand a motion to dismiss, places the Defendants on notice of the claims against them, and thus is not a shotgun pleading. IEAM argues that the statute of limitations has been tolled under 11 U.S.C. Section 108(a). IEAM also contends that the conversion claim, the civil conspiracy claims, the fraudulent conveyance claim, and the fraud claim are all adequately pled.

11. For the following reasons, Defendants' Motion to Dismiss is granted in part and denied in part. The Motion is granted as to the alleged fraudulent conveyance transfers under Section 548 that occurred prior to May 2007. The transfers that occurred between May 2007 and May 2009 will not be dismissed. The remainder of the Motion is denied.

## Shotgun Pleading

12. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir.2002) (citation omitted).

13. Engelberg argues that the Complaint contains approximately 60 paragraphs of facts without headings or organization. Engelberg also notes that each of the 12 causes of action contain additional facts, which are then reincorporated into each succeeding cause of action. Engelberg believes that this constitutes a shotgun complaint and the Amended Complaint should be dismissed.

14. IEAM responds that all causes of action were properly pled. IEAM believes that the complaint contains all of the known facts in a coherent narrative to put the Defendants on notice of the claims against them. IEAM states that the complaint implicated Engelberg as the CPA, CFO, and shareholder of the companies. Further, IEAM contends that Engelberg performed bookkeeping services for IEAM, some of which used Regal as a consultant. IEAM states that the complaint clearly shows that Engelberg also received stocks. IEAM believes that the complaint places Engelberg on notice of her liability and her acts versus those of the other defendants such that the motion to dismiss should be denied.

15. The Court finds that the Amended Complaint is organized enough to withstand this allegation. While the Amended Complaint is not perfect, there is a coherent narrative. This Court has allowed a similar complaint in *IEAM v. Mazzuto* (Adv. No. 11-51880) to survive. This case presents the same issue.

## Statute of Limitations

16. Engelberg argues that the claims of civil conspiracy under New York law, unjust enrichment under New York law, conversion under New York law, aiding and abetting breach of fiduciary duty under Nevada law, professional malpractice under New York law, gross negligence under New York law, negligence under New York law, breach of fiduciary duty under New York law, avoidance of

fraudulent conveyances under New York law, avoidance of fraudulent transfers under 11 U.S.C. Section 548, and the recovery of avoided transfers and the value thereof from Defendants are barred by the applicable statute of limitations. Engelberg contends that the applicable statute of limitations for these claims is three years under CPLR Section 214. Engelberg states that even assuming that the Amended Complaint relates back to the commencement of the action on April 30, 2011, the claims would still be barred. Engelberg argues that the statute of limitations under New York law would be three years (New York CPLR Section 213 for claims 2-4, 6-12) or four years (NRS 11.1902(c) for claim 5). Engelberg states that all acts alleged I the complaint occurred before April 30, 2008. Finally, Engelberg argues that this Court should not apply equitable tolling because the Amended Complaint does not contain any allegations of equitable tolling.

17. IEAM responds by stating that this Court has already denied the statute of limitations argument in *Mazzuto* (Adv. No. 11-51880 [Adv. Docket No. 206] at *18-19). IEAM argues that the statute of limitations has been tolled under 11 U.S.C. Section 108(a). IEAM states that under this section, the Trustee has two years from the date of filing of the bankruptcy petition to file an adversary proceeding. IEAM believes that if this timeframe is met, every applicable statute of limitation is tolled from the date of filing of the petition. Additionally, IEAM notes that the claims governed by New York law, including fraud, have a six year statute of limitations. IEAM states that the malpractice claim is the only claim with a three year statute of limitation, and because the alleged malpractice was committed in February of 2007, which is less than three years from the petition date, the claim is not barred. Finally, IEAM argues that even if the Court finds that the claims are not within the statute of limitations, equitable tolling would apply to allow the claims to proceed. IEAM states that it has been allowed to make this argument in several other proceedings and should be allowed to make it here because Engelberg played an active role in misleading IEAM. IEAM believes that the allegations against Engelberg, Regal, and Sapphire are similar to those asserted against Rosenthal and Brandywine. IEAM states that both Engelberg and Rosenthal were convicted of crimes related to the Scheme. Additionally, IEAM points out that *Brandywine-Rosenthal* denied the motion to dismiss because plaintiff sufficiently alleged that the Defendants actively mislead IEAM by participating in the Scheme with Mazzuto and Margulies, and by accepting and selling shares to which

they were not entitled. *Brandywine-Rosenthal* at *25 [Adv. No. 09-52316, Adv. Docket No. 60].

18. The Court finds that Section 108 has tolled the statute of limitations. At the motion to dismiss stage, the Court will apply New York law as alleged by the Plaintiff. Under New York law, all claims have been brought in a timely fashion. This finding is consistent with this Court's rulings in the *Mazzuto* and *Brandywine-Rosenthal* proceedings.

*In Pari Delicto*

19. "The doctrine of *in pari delicto* is an equitable doctrine that states a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing." *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1152 (11th Cir. 2006) (internal citation omitted). *In pari delicto* is based on the policy that "courts should not lend their good offices to mediating disputes among wrongdoers and denying judicial relief to an admitted wrongdoer is an effective means of deterring illegality." *Id.* (internal quotations and citations omitted).

20. Engelberg argues that IEAM bears fault in this action. Engelberg believes the Amended Complaint does not tie Engelberg to the stock plan, as she was not an officer, director, or employee of IEAM, and had no power to consider or implement the S-8 registration statements in the complaint.

21. IEAM responds by stating that this Court has already rejected this argument in *Mazzuto* (Adv. No. 11-51880 [Adv. Docket No. 206] (for insiders)) and *Computershare* (Adv. No. 11-51877 [Adv. Docket No. 82] (for third parties)). IEAM observes that the Court held that *in pari delicto* did not bar IEAM's claims because IEAM adequately pleaded that Mazzuto and Margulies acted in an *ultra vires* manner, entirely for their own benefit, and that IEAM was the target of the scheme, not a participant.

22. The Court finds that Engelberg's *in pari delicto* argument must fail. The Amended Complaint alleges that the full board of directors and the independent director of IEAM did not have knowledge of the fraud. Compl. at ¶ 56. The Amended Complaint also implicated Engelberg as the CPA, CFO, and shareholder of the companies. Further, the Amended Complaint states that Engelberg performed bookkeeping services for IEAM, some of which used Regal as a consultant. This presents a question of fact as to whether IEAM

was a target or participant in the Mazzuto Scheme, and is not an appropriate basis for a Motion to Dismiss.

### The Conversion Claim

23. Under New York law, conversion is the "exercise of unauthorized dominion over the property of another in interference with a plaintiff's legal title or superior right of possession." *Briarpatch Ltd. v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321, 328 (S.D.N.Y. 2001).

24. Engelberg argues that claims of conversion require a taking of property without authority. Engelberg believes that the Amended Complaint does not contain any allegations of a taking of property without authority, and thus should be dismissed.

25. IEAM responds by arguing that Engelberg improperly exerted dominion over IEAM's unrestricted S-8 shares by receiving them and reselling them for her personal benefit. IEAM alleged that Engelberg was not authorized under the S-8 to receive shares.

26. The Court finds that IEAM has made a *prima facie* case for conversion under New York law. There is an allegation of a taking of property, the unrestricted S-8 shares, without authority. Therefore, the conversion claim will not be dismissed.

### The Civil Conspiracy Claims

27. Under New York law, civil conspiracy requires: (1) an agreement to participate in an unlawful act; (2) an overt act by a party to the agreement pursuant to and in furtherance of the scheme; and (3) injury resulting from the act. *Filler v. Hanvit Bank*, 156 F. App'x 413, 417-18 (2d Cir. 2005). "A claim of conspiracy cannot stand alone and must be dismissed if the underlying independent tort has not been adequately pleaded." *Id.* (internal citation and quotations omitted).

28. Engelberg argues that IEAM cannot assert the same conduct to support all of its claims. Engelberg believes that IEAM is using civil conspiracy as a "catch-all" claim for all of the wrongdoing alleged throughout the complaint, and should be dismissed.

29. IEAM responds that the Amended Complaint alleged a primary underlying tort, the actions surrounding the Mazzuto Scheme (fraud and conversion), along with the required elements of civil conspiracy.

30. The Court finds that the civil conspiracy has been adequately pled at the motion to dismiss stage. The Amended

Complaint alleges that Engelberg had a close, personal relationship with Mazzuto from 2002 to 2007. The Amended Complaint states that Engelberg helped Mazzuto procure financing and perform accounting for EMC and IEAM, and Mazzuto made Engelberg a signatory on the IEAM bank accounts. The Court finds that these allegations are enough to support the civil conspiracy claim at the motion to dismiss stage, and the claim will not be dismissed.

*The Fraud Claim*

31. In New York, fraud is "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purposes of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009). Fraud must meet the elevated pleading standard under Rule 9(b).

32. Engelberg contends that IEAM's fraud claim does not meet the standards of Federal Rule of Civil Procedure 9(b), as set forth above. Engelberg argues that Rule 9(b) requires that allegations of fraud are governed by an elevated pleading standard. Engelberg states that the Amended Complaint only gives "lip service" to the element of reliance in paragraph 63. Engelberg also argues that all three defendants are lumped together, and the Defendants are left to guess as to which factual allegation applies to this particular fraud claim. Engelberg states that she has only admitted to making a single false record.

33. IEAM argues that all of the required elements are pled in the Amended Complaint. IEAM points out that the facts are present in paragraphs 44, 45, and 47, and the cause of action, including all of the elements, are pled in paragraphs 62-66. IEAM states that the underlying tort and related acts of the Mazzuto Scheme have been proven beyond a reasonable doubt in a criminal trial. IEAM also believes that this Court has held that IEAM's identical pleadings in related adversary proceedings detailing the Mazzuto Scheme satisfied Rule 9(b) requirements.

34. The Court finds that the fraud claim has been sufficiently pled under Rule 9. The Motion to Dismiss the fraud claim is also denied because other adversary proceedings in this case have allowed

fraud claims to survive a motion to dismiss.[3] As this Court stated in *In re Pitt Penn Holding Co.*, 484 B.R. 25, 52 (Bankr. D. Del. 2012):

> The Court acknowledges that the allegations are vigorously disputed, but that is not part of the inquiry. This is a not a motion for summary judgment. IEAM receives the benefit of the doubt at this stage, and the Complaint does not conjure a fraud out of thin air. Rather, IEAM alleges that the Defendants participated in a proven fraud. For a few claims and Defendants, the allegations are too thin or too late to reel in the Defendants. But despite the considerable number of mathematical errors, omissions, and inconsistencies pointed out by the Defendants' counsel, the Complaint presents a plausible and coherent central narrative.

Here, the facts related to the fraud claim in the Amended Complaint are nearly identical to the facts alleged in other complaints. Any argument that IEAM has failed to properly and sufficiently plead the underlying fraud must fail.

### *Fraudulent Conveyance Under Section 548*

35.  Engelberg argues that the Fraudulent Conveyance Under Section 548 should be governed by the March 5, 2012 Order in the *Burtis* matter. Adv. No. 11-51868 [Adv. Docket No. 70]. Engelberg states that the Amended Complaint does not contain numerous transfers to Engelberg and Regal between May 2007 and May 2009. Engelberg points out that the most recent transfer took place in November of 2007, and the majority of transfers listed took place prior to 2007.

36.  IEAM responds by arguing that the two year lookback period is a substantive part of Section 548. IEAM argues that the lookback period is in place to restrict a trustee's avoidance power to transfers that occurred within two years before the petition date. IEAM argues that this is not a statute of limitation that can be extended by equitable tolling. IEAM believes that Engelberg is not a "548 tolling

---

[3] The other proceedings are: *IEAM v. Brandywine Consultants*, Adv. No. 09-52318 [Adv. Docket Nos. 59, 60]; *IEAM v. Rosenthal*, Adv. No. 09-52316 [Adv. Docket Nos. 53 & 54]; and *IEAM v. Burtis*, Adv. No. 11-51868 [Adv. Docket Nos. 54 & 55].

defendant" because IEAM alleged transfers to Engelberg and Regal between May 2007 and May 2009.

37.  A review of the Courts March 5, 2012 Order in *Burtis* [Adv. Docket No. 70] reveals that the Court dismissed all of the Section 548 tolling claims. However, paragraph A.4 specifically states that the Order does not apply to transfers that occurred within the two years immediately preceding the Petition Date. Here, there are allegations of transfers between May 2007 and 2009, and Engelberg admits the existence of a November 2007 transfer. Thus, the Court finds that the allegations for the transfers in this complaint made after May 2007 are not barred by the March 5, 2012 Order. The transfers made before May 2007 are barred.

Accordingly it is hereby

**ORDERED**, that the Defendants' Motion to Dismiss is **GRANTED IN PART** as to the eleventh cause of action (fraudulent conveyance) for the transfers that took place prior to May 2007.

**ORDERED**, that the remainder of the Defendants' Motion to Dismiss is **DENIED**.

BY THE COURT:

Dated: January 30, 2015
Wilmington, Delaware

Brendan Linehan Shannon
Chief United States Bankruptcy Judge